Citation Nr: 1443676 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 08-25 886 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for a left eye disability. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

L. Willis, Associate Counsel 


INTRODUCTION

The Veteran had active duty from August 1969 to May 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2005 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

In April 2014, the Board remanded the matter for additional development. The Board is satisfied there was substantial compliance with its remand orders. See Stegall v. West, 11 Vet. App. 268 (1998); Dymant v. West, 13 Vet. App. 141 (1999).

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

The issue of entitlement to an increased rating for posttraumatic stress disorder (PTSD) has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). See Veteran's representative's written brief, April 2012. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. The Board notes that this issue was previously referred in its June 2012 and April 2014 remands, with no subsequent action taken. 


FINDING OF FACT

A left eye disability is not shown to be causally or etiologically related to any disease, injury, or incident in service.


CONCLUSION OF LAW

The Veteran's left eye disability was not incurred in or aggravated by service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

Under the VCAA, upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) VA must ask the claimant to provide any evidence in her or his possession that pertains to the claim in accordance with 38 C.F.R. § 3.159(b)(1). This notice must be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ). Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

Here, the Board finds that the VA has satisfied its duties under the VCAA. Specifically, a letter was sent to the Veteran in March 2005 which detailed the claims process and advised the Veteran of the evidence and information needed to substantiate his claim. The letter further informed the Veteran of his obligations to provide necessary information to assist in his claim and the VA's obligations to obtain such evidence and information that is deemed to be in the VA's possession or that the VA has permission to obtain. While the letter did not inform the Veteran of VA's practices in assigning disability evaluations and effective dates, such is not prejudicial error as service connection is not granted herein. 

In regard to the duty to assist, the Veteran was afforded a VA examination in August 2012. The examiner reviewed the case file, examined the Veteran and provided an opinion regarding the Veteran's disability. An addendum opinion was also obtained in April 2014 which provided an opinion supported by well-reasoned rationale. Therefore, the Board finds that the examination and addendum were adequate for adjudication purposes. Further, the Veteran's service treatment records and private medical records have been obtained and considered. Neither the Veteran nor his representative have identified any outstanding records that have not been obtained. Thus, the Board concludes that VA has made every reasonable effort to obtain all records relevant to the Veteran's claim. 

Accordingly, the Board finds that there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. § 5103(a), § 5103A, or 
38 C.F.R. § 3.159, and that the Veteran will not be prejudiced as a result of the Board's adjudication of his claim.

II. Service Connection 

In order to obtain service connection under 38 U.S.C.A. §§ 1110, 1131 (West 2002 & Supp. 2013) and 38 C.F.R. § 3.303(a) (2013) a Veteran must satisfy a three element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so- called 'nexus' requirement. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Here, the record reflects competent and credible evidence of a current disability - namely corneal abrasion, left, no residuals and bilateral vitreous detachment. Next, there is evidence of an in-service injury. Specifically, there is an April 1970 service treatment note which notes that the Veteran complained of "badly blurred vision in left eye." There was also a note of refractive amblyopia. The Veteran also stated that he was hit in the eye with particles from a land mine while in Vietnam. Therefore, the Board finds there is credible evidence of an in-service injury. 

Having found that the Veteran has a current disability and suffered an in-service injury, the question turns to whether the two are related. Here, the Board finds that the evidence shows that the Veteran's current left eye disability is not related to his in-service injury.

The Veteran's early separation examination in March 1971 is silent for any eye problems. His distant vision was recorded as 20/20.
The Veteran submitted a February 2005 medical treatment note from Dr. S.J. which reflected that the Veteran complained of blurred vision in the left eye. An April 2005 medical treatment note from the Alabama Eye Center indicates that the Veteran reported problems with vision in his left eye. He reported that he was hit in the left eye by land mine particles and now has floaters in his left eye. The clinician noted that the cornea and the anterior chamber were clear. The retina was flat and floaters were noted bilaterally. The clinician listed the impression as "cataracts, floaters" and recommended the use of glasses.

The Veteran was afforded a VA examination in August 2012 where the examiner noted a history of diagnoses of corneal abrasion of the left eye, no residuals and vitreous detachment of both eyes. She noted the Veteran's history of an abrasion from fiber blast, due to a blast in service, and further noted that the abrasion was treated and healed without residuals. The Veteran was noted to have bilateral posterior vitreous detachment. 

On examination, the examiner noted that the Veteran had 20/40 or better uncorrected distance vision in both eyes and 10/200 and 20/200 uncorrected near vision in the right and left eye, respectively. Corrected distance and near vision were 20/40 or better. She noted that the Veteran's pupils were round and reactive to light and no afferent pupillary defect was present. The Veteran did not have anatomical loss, light perception only or extremely poor vision, diplopia or blindness in either eye. The slit lamp and external eye exam revealed normal results for both eyes. The internal eye examination (fundus) was abnormal, with the right and left eyes vitreous indicating posterior vitreous detachment. The examiner noted that the Veteran had a visual field defect. She opined that it was less likely than not that the Veteran's left eye condition was related to service. She reasoned that the corneal abrasion healed without residuals and there was no scarring on the left cornea. The Veteran had refractive error and presbyopia in both eyes and was issued glasses during service, which he never wore. He had been prescribed trifocal glasses post service and did not wear and reported that he preferred to only wear reading glasses. The injury to the left eye did not cause or alter the refractive error or presbyopia. The Veteran's bilateral vitreous detachment was not caused by trauma.
The August 2012 examiner did not provide a rationale for her statement that the Veteran's bilateral vitreous detachment was not caused by trauma. In April 2014, the Board asked for an addendum medical opinion which provided a rationale and which stated whether it is at least as likely as not that the Veteran has a left eye disability manifested by a floater/spot that is related to service, to include the eye injury therein. In April 2014, an examiner provided an opinion which stated 

Vitreous floaters are more often than not caused by the degeneration of the vitreous gel over time. The complaint of a floater in the left eye is less likely as not related to injury during service. This is based on an eye exam dated 4/14/2005 which noted vitreous floaters in both eyes which supports vitreous degenerative from aging as the cause of the floaters, not trauma.

The Veteran submitted medical treatment records from Advanced EyeCare of Madison where the clinician noted the Veteran's complaints of left eye floaters. The Veteran reported a history of injury to the left eye in 1970. On examination, the clinician noted that the corneal epithelium, stroma and endothelium were clear and healthy. A complete posterior vitreous detachment was noted. The clinician's impression noted bilateral age related cataracts; combined cataract and bilateral posterior vitreous detachment. 

The Board finds the August 2012 and April 2014 VA examiners' opinions more probative than the Veteran's statements. The Board notes the Veteran's contention that his left eye disability is related to service. The Veteran is competent to report that he has floaters in his eye. See Layno v. Brown, 6 Vet. App. 465 (1994). However, the Veteran has not asserted that he is qualified and/or competent to give a medical opinion regarding the etiology of his left eye disability. The private medical records which the Veteran submitted did not provide any positive etiological opinions relating the Veteran's left eye disability to service. In fact, the medical evidence from Advanced EyeCare lists "age related cataracts." 

On the contrary, the VA examiners considered the Veteran's medical history - both service records and private records - and gave well-reasoned opinions. They specifically rejected any possibility that the Veteran's in-service injury was related to the Veteran's current disability. Moreover, the private medical records do not indicate that the cataracts are related to service but rather indicate that they are age-related. In regard to refractive error, the Board notes that, generally, refractive error is not eligible for service connection, as it is not considered a disease or injury for VA compensation purposes. See 38 C.F.R. §§ 3.303 (c), 4.9. However, such condition may be service connected it is subject to or aggravated by, a superimposed disease or injury or injury during service which results in an additional disability. See VAOPGCPREC 82-90 (July 18, 1990); see also Winn v. Brown, 8 Vet. App, 510, 516 (1996); Natali v. Principi, 375 F.3d 1375, 1380 (Fed. Cir. 2004). Such is not the case here. The August 2012 VA examiner opined that, "[t]he injury to the left eye did not cause or alter the refractive error or presbyopia." 

Based on the above, the Board finds that the preponderance of the evidence is against the claim. The claim for entitlement to service connection for a left eye disability must be denied. There is no reasonable doubt to be resolved. See 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2013); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for a left eye disability is denied. 




____________________________________________
S.S. TOTH
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs